437 P.2d 891

Roy ADRIANO, Plaintiff and Appellant,
v.
John W. TURNER, Warden, Utah State
Prison, Defendant and Respondent.

No. 10981.

Supreme Court of Utah.

Feb. 26, 1968.

Roy Adriano, pro se.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Roy Adriano appeals from the District Court's denial in a habeas corpus proceeding of his release from the Utah State Prison. His petition set forth facts which are in summary: In January, 1952, he was convicted of the crime of kidnapping in the second degree, and plead guilty to the crime of robbery, for which crimes he was sentenced and committed to indeterminate terms of one year to life and five years to life respectively, the sentences to run concurrently. On September 10, 1952, he escaped. A year later he was sentenced for robbery in California, for which he served nine years and in May, 1962, was returned to the Utah State Prison to continue serving his original sentences. In May, 1965, the Board of Pardons granted him parole and he was released. Two months later, in July, 1965, he was charged in Salt

Lake County with second degree burglary. His bond was set at $1,000 and he was placed under "parole hold." He did not make bail, and remained in the county jail. In October he was taken before the Board of Pardons for a hearing where his parole was revoked and he was returned to the Utah State Prison. Meanwhile the burglary charge had been reduced to a misdemeanor, for which he was sentenced to 90 days, which time he had already served.

It is interesting, but hardly surprising, that the petitioner was not at all displeased with the legal status of the Board of Pardons when it granted him parole. But upon the subsequent occasion when it revoked his parole, all of a sudden he became suspicious that it must not be a properly constituted Board. His argument is that Section 12 of Article VII of the Utah State Constitution created the original Board of Pardons, which has never been changed by the amendment process provided in the Constitution, Sections 1, 2 and 3 of Article XXIII. Wherefore he avers that the act creating the present three-member Board of Pardons, Ch. 74, S.L.U.1951, (Sec. 77–62–2, U.C.A. 1953) is void and the Board without legal status.

The answer to the petitioner's contention is in the language of Section 12 of Article VII. It begins:

> *Until otherwise provided by law*, the Governor, Justices of the Supreme Court and Attorney-General shall constitute a Board of Pardons * * *. [prescribes powers and duties.] (Emphasis added.)

The emphasized phrase "Until otherwise provided by law" does not mean only: until changed by constitutional amendment, as petitioner postulates. It also means until provided by the legislature in the law-making procedure set forth in the Constitution.[1] The authorization to "otherwise provide by law" was carried out by the enactment of Chapter 74, S.L.U.1951, which created the Board of Pardons in its present and valid form. The previous expression of this court on the subject is in accord with that view. In the case of Cardisco v. Davis,[2] the court stated that: "The Legislature is given power and authority to change the personnel of the State Board of Pardons."

Affirmed. No costs awarded.

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

1. That such was the intent finds support in the proceedings of Const.Conv.1895, p. 1008 passim. See statements of delegates, Samuel R. Thurman, later Justice of this Court, and C. S. Varian who each stated in substance: "I do not see why this matter cannot be left to the legislature," quoted in Bateman v. Board of

Examiners, 7 Utah 2d 221, 322 P.2d 381, and see discussion in that case of legislative power to change constitution based on the language under scrutiny in the instant case.

2. 91 Utah 323, 64 P.2d 216.